**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

**Case No.: 1:26-cv-01476**

**NILDA HERNANDEZ**
*individually and on behalf of all others similarly situated,*

Plaintiff,

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**v.**

**WINONA, INC.,**

Defendant.
_____________________________________/

## CLASS ACTION COMPLAINT

Plaintiff Nilda Hernandez ("Plaintiff") brings this class action against Winona, Inc. ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) (the "TCPA"). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. The TCPA requires anyone engaged in telemarketing to transmit caller ID information. This information must include either the calling party number ("CPN") or automatic number identification ("ANI"), and the name of the telemarketer, or the name and customer service number of the seller that the call is being made on behalf of. Specifically, the TCPA provides that each person who receives more than one call on their cell phone in violation of these requirements is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

3. The problem with receiving unwanted telemarketing communications is a problem that most people in this country, like Plaintiff, frequently face. For example, in 2024 alone, approximately 52.8 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited January 6, 2025). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790 11553770803.

**NATURE OF THE CLAIM**

4. This is a putative class action brought pursuant to the TCPA.

5. To promote its goods, services, and/or properties, Defendant also engages in telemarketing calls without transmitting caller identification information

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the intrusion upon seclusion, invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and members of the Classes. Plaintiff also seeks

statutory damages on behalf of Plaintiff and members of the Classes, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

8. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is headquartered in this District.

## PARTIES

9. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Oregon.

10. Defendant is a corporation with its headquarters located in Austin, Texas.

11. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

12. Between November 1, 2025 (labeled as "7:06 PM") and November 18, 2025, Defendant made telephonic solicitations to Plaintiff's cellular telephone as depicted below:






13. Overall, Defendant sent Plaintiff more than one telemarketing text message that failed to disclose the name of the telemarketer.

14. The purpose of Defendant's telemarketing text messages was to solicit the sale of consumer goods, services, and/or properties.

15. The purpose of Defendant's telemarketing text messages was to advertise, promote, and/or market Defendant's goods, services, and/or properties.

16. Plaintiff is the regular user of the telephone number that received the above telemarketing text messages.

17. Plaintiff utilizes the cellular telephone that received Defendant's telemarketing text messages for personal purposes and the number is Plaintiff's residential telephone line.

18. Upon information and belief, Defendant has access to outbound transmission reports for all calls placed advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each call sent to Plaintiff and the members of the Classes.

19. Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

## CLASS ALLEGATIONS

### PROPOSED CLASS

20. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

21. Plaintiff brings this case on behalf of the class defined as follows (collectively, the "Class"):

> **All persons within the United States to who, within the four years prior to the filing of this action through the date of class certification, Defendant (or a third-party acting on behalf of Defendant) placed two or more telemarketing calls in a 12-month period without the transmission of caller identification information that included either CPN or ANI *and* the Defendant or telemarketer's name.**

22. Plaintiff reserves the right to modify the definition of the Class as warranted as facts are learned in further investigation and discovery.

23. Defendant and its employees or agents are excluded from the Class.

**<u>NUMEROSITY</u>**

24. Plaintiff does not know the exact number of members of the Class but is informed and believes that there are at least 50 individuals that fall within each class definition given Defendant's use of automated solicitations to solicit consumers and failure to disclose the name of the telemarketer on such solicitations. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the members of the Class is a matter capable of ministerial determination from Defendant's call records.

**<u>COMMON QUESTIONS OF LAW AND FACT</u>**

26. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

i. Whether Defendant placed telemarketing text messages to Plaintiff and members of the Caller ID Class without the transmission of the name of

the telemarketer; and

ii. Whether Defendant is liable for damages, and the amount of such damages.

27. The common questions in this case are capable of having common answers, and Plaintiff and the members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

**Typicality**

28. Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

**Protecting the Interests of the Class Members**

29. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**Proceeding Via Class Action is Superior and Advisable**

30. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

31. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example,

one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1 1601(e)(1)**
**(On Behalf of Plaintiff and the Caller ID Class)**

32. Plaintiff realleges and incorporates paragraphs 1 through 31 as if fully set forth herein.

33. It is a violation of the TCPA to place a telemarketing call without the transmission of caller ID information. 47 C.F.R. § 64.1601(e).

34. This information "must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer," or the name and customer service number of the seller that the call is being made on behalf of. 47 C.F.R. § 64.1601(e)(1).

35. Defendant violated the TCPA by causing multiple calls to be initiated to Plaintiff and members of the Caller ID Class in a 12-month period, without transmitting the name of the telemarketer. *See Newell v. JR Cap., LLC*, 791 F.Supp. 3d 571, 585 (E.D. Pa. 2025) ("However, none of the texts include the name of the seller or telemarketer — in this case, JR Capital — as required. . . . Mr. Newell therefore adequately pleads that these five text messages violate § 64.1601(e)'s caller ID requirements.").

36. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Caller ID Class members are entitled to an award of $500.00 in statutory damages for each and every negligent violation. 47 U.S.C. § 227(c)(5). *See Dobronski v. Selectquote Ins. Servs*., No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025) (finding a private right of action for violations of 64.1601(e) under Section 227(c)(5) of the TCPA); *see also Newell*, 791 F.Supp. 3d at 582 (same).

37. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Caller ID Class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation. 47 U.S.C. § 227(c)(5). *See Dobronski*, 2025 WL 900439, at *3 (finding a private right of action for violations of 64.1601(e) under Section 227(c)(5) of the TCPA); *see also Newell*, 791 F.Supp. 3d at 582 (same).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to comply with 47 C.F.R. § 64.1601(e)(1); and

e) Such further and other relief as the Court deems necessary.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Dated: June 1, 2026

Respectfully Submitted,

/s/ Zane C. Hedaya
**ZANE C. HEDAYA, ESQ.**
Texas Bar No.: 24134450
E-mail: zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, FL 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIF*